IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00645-RPM

CHARLES R. ANDERSON

Plaintiff,

v.

AMERICAN EXPRESS TRAVEL RELATED SERVICES CO., INC.,

Defendant.

---

## ANSWER AND COUNTERCLAIM OF DEFENDANT
## AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.

---

Defendant American Express Travel Related Services Company, Inc. ("AmEx TRS"), answers Plaintiff Charles B. Anderson's ("Anderson") First Amended Complaint ("Complaint") as follows:

### I.     BACKGROUND

This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, AmEx TRS denies the allegations in this Paragraph.

### II.     PARTIES

1.     AmEx TRS admits the allegations set forth in Paragraph 1.

2.     AmEx TRS admits the allegations set forth in Paragraph 2.

### III.     JURISDICTION AND VENUE

3.     Paragraph 3 contains legal conclusions to which no response is required.

4.     Paragraph 4 contains legal conclusions to which no response is required.

## IV.    GENERAL ALLEGATIONS

5.    AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

6.    AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7.    AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8.    AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

9.    AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10.    AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

11.    AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12.    AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13.    AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

14.    AmEx TRS admits Anderson has been a cardmember since 1970 maintaining multiple charge and/or credit cards, but denies the remaining allegations set forth in Paragraph 14.

15.    AmEx TRS denies the allegations set forth in Paragraph 15.

16.    AmEx TRS admits that an application for a Blue from American Express Card in Anderson's name was submitted to AmEx TRS in May 2002, and lacks knowledge or

2

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16.

17.     AmEx TRS denies the allegations set forth in Paragraph 17.

18.     AmEx TRS admits that it received an application for a secondary authorized user under the Anderson Blue from American Express Card account, but denies the remaining allegations set forth in Paragraph 18.

19.     AmEx TRS denies the allegations set forth in Paragraph 19.

20.     AmEx TRS denies the allegations set forth in the first sentence of Paragraph 20 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20.

21.     AmEx TRS admits that the Blue from American Express Card had the account number first mentioned in this paragraph from May 2002 through July 2006, and thereafter became the second account number referred to in this paragraph.   AmEx TRS denies the remaining allegations set forth in Paragraph 21.

22.     AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22.

23.     AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23.

24.     AmEx TRS denies the allegations set forth in Paragraph 24.

25.     AmEx TRS denies the allegations set forth in Paragraph 25.

26.     AmEx TRS denies the allegations set forth in Paragraph 26.

27.     AmEx TRS denies the allegations set forth in Paragraph 27.

28.     AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28.

29.     AmEx TRS denies the allegations set forth in Paragraph 29.

30.     AmEx TRS admits that Anderson maintained AmEx TRS credit and/or charge cards other than the Blue from American Express Card and that no secondary cards were issued on these other AmEx TRS accounts, but AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30.

31.     AmEx TRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

32.     AmEx TRS denies the allegations set forth in Paragraph 32.

33.     AmEx TRS denies the allegations set forth in Paragraph 33.

34.     AmEx TRS denies the allegations set forth in Paragraph 34.

35.     AmEx TRS denies the allegations set forth in Paragraph 35.

36.     AmEx TRS denies the allegations set forth in Paragraph 36.

37.     AmEx TRS denies the allegations set forth in Paragraph 37.

38.     AmEx TRS denies the allegations set forth in Paragraph 38.

39.     AmEx TRS admits the allegations set forth in Paragraph 39.

40.     AmEx TRS denies the allegations set forth in Paragraph 40.

41.     AmEx TRS denies the allegations set forth in Paragraph 41.

## FIRST CLAIM FOR RELIEF - TRUTH IN LENDING ACT
### (15 U.S.C. §§ 1601, *et seq.*)

42.     AmEx TRS incorporates by reference its responses to Paragraphs 1 - 41 as if fully set forth at length herein.

43.     AmEx TRS denies the allegations set forth in Paragraph 43.

44.     AmEx TRS denies the allegations set forth in Paragraph 44.

45.     AmEx TRS denies the allegations set forth in Paragraph 45.

46.     AmEx TRS denies the allegations set forth in Paragraph 46.

### SECOND CLAIM FOR RELIEF - DECLARATORY JUDGMENT

47.     AmEx TRS incorporates by reference its responses to Paragraphs 1 - 46 as if fully set forth at length herein.

48.     AmEx TRS denies the allegations set forth in Paragraph 48.

49.     AmEx TRS denies the allegations set forth in Paragraph 49.

### THIRD CLAIM FOR RELIEF - NEGLIGENCE

50.     AmEx TRS incorporates by reference its responses to Paragraphs 1 - 49 as if fully set forth at length herein.

51.     AmEx TRS denies the allegations set forth in Paragraph 51.

52.     AmEx TRS denies the allegations set forth in Paragraph 52.

53.     AmEx TRS denies the allegations set forth in Paragraph 53.

### FOURTH CLAIM FOR RELIEF - UNJUST ENRICHMENT

54.     AmEx TRS incorporates by reference its responses to Paragraphs 1 - 53 as if fully set forth at length herein.

55.     AmEx TRS denies the allegations set forth in Paragraph 55.

56.     AmEx TRS denies the allegations set forth in Paragraph 56.

57.     AmEx TRS denies the allegations set forth in Paragraph 57.

### FIFTH CLAIM FOR RELIEF - MONEYS HAD AND RECEIVED

58.     AmEx TRS incorporates by reference its responses to Paragraphs 1 - 57 as if fully set forth at length herein.

59.     AmEx TRS denies the allegations set forth in Paragraph 59.

60.     AmEx TRS denies the allegations set forth in Paragraph 60.

### SIXTH CLAIM FOR RELIEF - CONVERSION

61.     AmEx TRS incorporates by reference its responses to Paragraphs 1 - 60 as if fully set forth at length herein.

DEN 96246919v1

62.     AmEx TRS denies the allegations set forth in Paragraph 62.

63.     AmEx TRS denies the allegations set forth in Paragraph 63.

**SEVENTH CLAIM - UNIFORM FIDUCIARIES LAW**
**(15-1-101 *et seq.*, C.R.S.)**

64.     AmEx TRS incorporates by reference its responses to Paragraphs 1 - 63 as if fully set forth at length herein.

65.     AmEx TRS denies the allegations set forth in Paragraph 65.

66.     AmEx TRS denies the allegations set forth in Paragraph 66.

67.     AmEx TRS denies the allegations set forth in Paragraph 67.

68.     AmEx TRS denies the allegations set forth in Paragraph 68.

**EIGHTH CLAIM FOR RELIEF - TEMPORARY AND PRELIMINARY INJUNCTION**

69.     AmEx TRS incorporates by reference its responses to Paragraphs 1 - 68 as if fully set forth at length herein.

70.     AmEx TRS denies the allegations set forth in Paragraph 70.

71.     AmEx TRS denies the allegations set forth in Paragraph 71.

72.     AmEx TRS denies the allegations set forth in Paragraph 72.

73.     AmEx TRS denies the allegations set forth in Paragraph 73.

74.     AmEx TRS denies the allegations set forth in Paragraph 74.

75.     AmEx TRS denies the allegations set forth in Paragraph 75.

76.     AmEx TRS denies the allegations set forth in Paragraph 76.

WHEREFORE, AmEx TRS requests that Plaintiff's Complaint be dismissed in its entirety, that Plaintiff takes nothing, and that AmEx TRS be awarded its attorney's fees, costs, and any such further relief as the Court deems just.

DEN 96246919v1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any loss sustained by Anderson was due to the contributory or comparative negligence, actions, and/or omissions of Anderson or some other third party over whom AmEx TRS exercised no control.

### THIRD AFFIRMATIVE DEFENSE

Anderson's claims are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Anderson's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Anderson's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Anderson's claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Anderson's claims are barred by Anderson's failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

Anderson's claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Anderson's claims are barred by Anderson's consent to the actions of some other third party over whom AmEx TRS exercised no control.

### TENTH AFFIRMATIVE DEFENSE

Anderson's claims are barred by the inequitable conduct of Anderson or others acting on Anderson's behalf or direction.

7

## ELEVENTH AFFIRMATIVE DEFENSE

Anderson's claims are barred by Anderson's notice of the actions and/or inequitable conduct of some other third party over whom AmEx TRS exercised no control.

## TWELFTH AFFIRMATIVE DEFENSE

Anderson's claims are barred because Anderson failed to perform satisfactorily his duties and obligations to AmEx TRS.

## THIRTEENTH AFFIRMATIVE DEFENSE

Anderson's claims are barred in accordance with the terms of the applicable card member agreements.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any loss sustained by Anderson was due to the actions of Anderson or some third party over whom AmEx TRS exercised no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any loss sustained by Anderson is not recoverable against AmEx TRS because Anderson provided his agent with actual, implied, or apparent authority regarding the transactions at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any loss sustained by Anderson was due to the conduct of his authorized agent over whom AmEx TRS exercised no control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Anderson's claims are barred because AmEx TRS is a holder in due course within the meaning of the Uniform Commercial Code.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Anderson's claims are barred by the applicable provisions of the Uniform Commercial Code.

## NINETEENTH AFFIRMATIVE DEFENSE

Anderson's claims are barred because the Blue from American Express Card application and payments for Anderson's debts did not bear evidence of forgery, unauthorized signature, or alteration.

## TWENTIETH AFFIRMATIVE DEFENSE

Anderson's claims are barred because AmEx TRS acted in good faith at all times.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Anderson's claims are barred because AmEx TRS received the payments without notice that they were subject to any claims or defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Anderson's claims are barred because AmEx TRS did not have actual knowledge of the alleged breach of fiduciary duty.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Anderson's claims are barred because AmEx TRS acted in a commercially reasonable manner and in accordance with industry customs and practices.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Anderson's failure to exercise reasonable care and promptness in reviewing the billing statements at issue bar his claim.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

All of the charges at issue were authorized.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Anderson's claims are barred because he lacks standing.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Anderson's claims are barred because he ratified the charges at issue.

## COUNTERCLAIM

American Express Travel Related Services Company, Inc. ("AmEx TRS"), by way of its Counterclaim against Charles R. Anderson ("Anderson"), alleges as follows:

1.      AmEx TRS is a New York corporation having its principal place of business in New York, New York, and is engaged in, among other things, the business of issuing charge and/or credit cards.

2.      Anderson opened several charge and/or credit accounts with AmEx TRS.  The terms and conditions surrounding those accounts are set forth in express agreements between the parties.

3.      This Court has supplemental jurisdiction over this counterclaim under 28 U.S.C. 1367 as the claims in this counterclaim are related to claims in Anderson's complaint and form part of the same case or controversy.

4.      Currently, there are overdue outstanding balances totaling at least $87,220.90 relating to Anderson's accounts:

> a.      Anderson's Gold Card account has an outstanding balance of at least $20,253.08;
>
> b.      Anderson's Delta Sky Miles Card account has an outstanding balance of at least $23,484.63;
>
> c.      Anderson's Blue from American Express Card account has an outstanding balance of at least $43,483.19.

5.      Although demand has been made on the referenced Gold Card, Delta Sky Miles Card, and Blue from American Express Card accounts, no payment has been received.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

6.      AmEx TRS hereby realleges and incorporates paragraphs 1 through 5 above as if set forth fully herein.

7.      AmEx TRS and Anderson entered into separate agreements with respect to the Gold Card, the Delta Sky Miles Card, and the Blue from American Express Card.

8.      Anderson has materially breached these agreements by failing to pay amounts due and owing under each agreement for the Gold Card, the Delta Sky Miles Card, and the Blue from American Express Card.

9.      AmEx TRS performed all of its duties and obligations under the agreements in a complete and timely fashion, and did not breach any term or condition.

10.     As a consequence of Anderson's breaches of the agreements, AmEx TRS has been and continues to be damaged.

WHEREFORE, AmEx TRS demands judgment against Anderson for compensatory damages of at least $87,220.90 plus interest, costs of suit, attorneys' fees, and for such other relief as the court deems just and proper.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

11.     AmEx TRS hereby realleges and incorporates paragraphs 1 through 10 above as if set forth fully herein.

12.     By refusing to pay the amounts due under his Gold Card, Delta Sky Miles Card, and Blue from American Express Card accounts, Anderson has been enriched to the detriment of AmEx TRS.

13.     AmEx TRS expected and is entitled to payment for the outstanding charges, and equity and good conscience require Anderson to make restitution to AmEx TRS.

WHEREFORE, AmEx TRS demands judgment against Anderson for compensatory damages of at least $87,220.90 plus interest, costs of suit, attorneys' fees, and for such other relief as the court deems just and proper.

### THIRD CAUSE OF ACTION
### (Indemnification)

14.     AmEx TRS hereby realleges and incorporates paragraphs 1 through 13 above as if set forth fully herein.

15.     Pursuant to the agreements between the parties with respect to the Gold Card, the Delta Sky Miles Card, and the Blue from American Express Card, Anderson agreed to indemnify and hold harmless AmEx TRS from any costs AmEx TRS incurred relating to collection monies from Anderson.

16.     The present lawsuit has triggered those indemnification obligations.

WHEREFORE, AmEx TRS demands judgment against Anderson for compensatory damages of at least $87,220.90 plus interest, costs of suit, attorneys' fees, and for such other relief as the court deems just and proper.

### FOURTH CAUSE OF ACTION
### (Accounts Stated)

17.     AmEx TRS hereby realleges and incorporates paragraphs 1 through 16 above as if set forth fully herein.

18.     Anderson received written statements regarding the charges at issue under the Gold Card, the Delta Sky Miles Card, and the Blue from American Express Card, but did not object to those charges.

19.     Anderson has assented to the validity of the statements and the charges contained therein, but improperly has refused to pay.

WHEREFORE, AmEx TRS demands judgment against Anderson for compensatory damages of at least $87,220.90 plus interest, costs of suit, attorneys' fees, and for such other relief as the court deems just and proper.

Respectfully submitted this 7th day of May, 2007.

GREENBERG TRAURIG, LLP

**s/ Tyler D. Coombe**
David G. Palmer, #2634
Tyler D. Coombe, #35478
GREENBERG TRAURIG, LLP
The Tabor Center
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:    303.572.6500
Fax:    303.572.6540
Email:  CoombeT@gtlaw.com
        PalmerDG@gtlaw.com

*Attorneys for American Express Travel
Related Services Company, Inc.*

DEN 96246919v1

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 7, 2007, a true and correct copy of the foregoing **ANSWER AND COUNTERCLAIM OF DEFENDANT AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Elizabeth A. Starrs, Esq.
> Anna N. Martinez, Esq.
> Starrs Mihm & Caschette LLP
> 707 Seventeenth Street, Suite 2600
> Denver, Colorado 80202
> estarrs@starrslaw.com
> anna.martinez@starrslaw.com

> **s/ Tyler D. Coombe**
> David G. Palmer
> Tyler D. Coombe
> GREENBERG TRAURIG, LLP
> The Tabor Center
> 1200 Seventeenth Street, Suite 2400
> Denver, Colorado 80202
> Tel:    303.572.6500
> Fax:    303.572.6540
> Email: PalmerDG@gtlaw.com
>             CoombeT@gtlaw.com
>
> *Attorneys for American Express Travel Related Services Company, Inc.*

14